DATE FILED
August 22, 2025 11:55 AM
FILING ID: 6A24AF5D873FC
CASE NUMBER: 2025CV31689

| | |
|---|---|
| DISTRICT COURT, COUNTY OF ARAPAHOE, STATE OF COLORADO;<br><br>7325 S Potomac St #100<br><br>Centennial, CO 80112 | |
| **Plaintiff:**<br>MARC PETERS<br><br>v.<br><br>**Defendants:**<br>THE RECESS FACTORY, LLC; LTF TRIATHLON SERIES LLC; LIFE TIME, INC. | ▲COURT USE ONLY▲ |
| **Attorneys for Life Time, Inc. and LTF Triathlon Series, LLC**<br>Conor P. Boyle, # 40147<br>David A. Belsheim, # 43767<br>HALL & EVANS, LLC<br>1001 17th Street, Suite 300<br>Denver, Colorado 80202<br>Telephone: (303) 628-3300<br>boylec@hallevans.com<br>belsheimd@hallevans.com | **Case No.:  2025CV31689**<br><br><br>**Division:** |
| **DEFENDANTS LTF TRIATHLON SERIES, LLC'S AND LIFE TIME, INC'S ANSWER, DEFENSES, COUNTERCLAIM, AND JURY DEMAND** | |

Defendants, LTF Triathlon Series, LLC ("LTF Triathlon") and Life Time, Inc. (collectively "Life Time Defendants") through their counsel, Hall & Evans, LLC, hereby submit this Answer, Defenses, Counterclaim, and Jury Demand as follows:

**RESPONSE TO "PARTIES"**

1. With respect to Paragraph 1 of the Complaint, Life Time Defendants admit only that Plaintiff Marc Peters was an individual who competed in the Leadville Trail 100 MTB Stage

**EXHIBIT I**

1

Race in the State of Colorado, and are without sufficient information and knowledge to admit or deny the remaining allegations therein.

2.     With respect to Paragraph 2 of the Complaint, the Life Time Defendants admit only that Defendant The Recess Factory LLC ("Recess Factory") was contracted with LTF Triathlon to provide services for the Leadville Trail 100 MTB Stage Race. The Life Time Defendants are without sufficient information and knowledge to admit or deny the remaining allegations in Paragraph 2, and on that basis deny the same.

3.     The Life Time Defendants admit the allegations in Paragraph 3 of the Complaint.

4.     The Life Time Defendants admit the allegations in Paragraph 4 of the Complaint.

**RESPONSE TO "JURISDISCTION AND VENUE"**

5.     With respect to Paragraph 5 of the Complaint, the Life Time Defendants incorporate each of their responses above as if fully set forth herein.

6.     With respect to Paragraph 6 of the Complaint, The Life Time Defendants are without sufficient information and knowledge to admit or deny the allegations therein, and on that basis deny the same.

**RESPONSE TO "GENERAL FACTS – THE LEADVILLE TRAIL
100 MTB STAGE RACE"**

7.     With respect to Paragraph 7 of the Complaint, the Life Time Defendants incorporate each of their responses above as if fully set forth herein.

8.     The Life Time Defendants admit LTF Triathlon is engaged in the business of planning, organizing, promoting, directing, managing, and/or operating events across the United States. The Life Time Defendants deny the remaining allegations contained in Paragraph 8 of the Complaint.

9. The Life Time Defendants admit the allegations contained in Paragraph 9 of the Complaint, as to LTF Triathlon. The Life Time Defendants deny the allegations as to Life Time, Inc.

10. The Life Time Defendants admit the allegations contained in Paragraph 10 of the Complaint, as to LTF Triathlon. The Life Time Defendants deny the allegations as to Life Time, Inc.

11. The Life Time Defendants admit the allegations contained in Paragraph 11 of the Complaint, as to LTF Triathlon. The Life Time Defendants deny the allegations as to Life Time, Inc.

12. The Life Time Defendants admit the allegations contained in Paragraph 12 of the Complaint as to LTF Triathlon. The Life Time Defendants deny the allegations as to Life Time, Inc. Defendants further deny Defendant Recess Factory is an affiliate or subsidiary of the Life Time Defendants.

13. The Life Time Defendants admit the allegations contained in Paragraph 13 of the Complaint.

14. The Life Time Defendants admit in 2023 more than 1,750 riders participated in the Leadville Trail 100 MTB Stage Race. The Life Time Defendants deny the remaining allegations contained in Paragraph 14 of the Complaint.

15. The Life Time Defendants state that the allegations contained in Paragraph 15 of the Complaint are solely legal conclusions to which no response is required. To the extent a response is required, the terms of any applicable guidelines speak for themselves.

16.     The Life Time Defendants state that the allegations contained in Paragraph 16 of the Complaint are solely legal conclusions to which no response is required.  To the extent a response is required, the terms of any applicable guidelines speak for themselves.

17.     The Life Time Defendants deny the allegations contained in Paragraph 17 of the Complaint.

18.     The Life Time Defendants admit that by participating in the Race, participants were exposing themselves to dangers, hazards, and risk of injury or death.  The Life Time Defendants deny the remaining allegations contained in Paragraph 18 of the Complaint.

19.     The Life Time Defendants state that the allegations contained in Paragraph 19 of the Complaint are solely legal conclusions to which no response is required.  To the extent a response is required, the terms of any applicable guidelines or governmental requirements speak for themselves.

20.     The Life Time Defendants deny the allegations contained in Paragraph 20 of the Complaint.

21.     With respect to Paragraph 21 of the Complaint, the Life Time Defendants admit that by participating in the Race, participants were exposing themselves to dangers, hazards, and risk of injury or death.  The Life Time Defendants deny the remaining allegations contained in Paragraph 21 of the Complaint.

22.      The Life Time Defendants state that the allegations contained in Paragraph 22 of the Complaint are solely legal conclusions to which no response is required. To the extent a response is required, the terms of any applicable guidelines or governmental requirements speak for themselves.

23. The Life Time Defendants deny the allegations contained in Paragraph 23 of the Complaint.

24. With respect to Paragraph 24 of the Complaint, the Life Time Defendants admit that by participating in the Race, participants were exposing themselves to dangers, hazards, and risk of injury or death. The Life Time Defendants deny the remaining allegations contained in Paragraph 24 of the Complaint.

25. The Life Time Defendants state that the allegations contained in Paragraph 25 of the Complaint are solely legal conclusions to which no response is required. To the extent a response is required, the terms of any applicable guidelines or governmental requirements speak for themselves.

26. The Life Time Defendants deny the allegations contained in Paragraph 26 of the Complaint.

27. With respect to Paragraph 27 of the Complaint, the Life Time Defendants admit that by participating in the Race, participants were exposing themselves to dangers, hazards, and risk of injury or death. The Life Time Defendants deny the remaining allegations contained in Paragraph 27 of the Complaint.

28. With respect to Paragraph 28 of the Complaint, the Life Time Defendants admit LTF Triathlon planned, organized, promoted, directed, managed, and operated the Race and admit it controlled aspects of the race. The Life Time Defendants expressly deny LTF Triathlon controlled all aspects of the race, such as the conduct of participants or the conduct of other third parties and deny all remaining allegations therein.

29. The Life Time Defendants admit the allegations contained in Paragraph 29 of the Complaint, as to LTF Triathlon. The Life Time Defendants deny the allegations as to Life Time, Inc.

30. The Life Time Defendants deny the allegations contained in Paragraph 30 of the Complaint.

31. The Life Time Defendants deny the allegations contained in Paragraph 31 of the Complaint.

32. The Life Time Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33. The Life Time Defendants deny the allegations contained in Paragraph 33 of the Complaint.

34. With respect to Paragraph 34 of the Complaint, the Life Time Defendants are without sufficient information and knowledge to admit or deny the allegations therein, and on that basis deny the same.

35. With respect to Paragraph 35 of the Complaint, the Life Time Defendants are without sufficient information and knowledge to admit or deny the allegations therein, and on that basis deny the same.

36. With respect to Paragraph 36 of the Complaint, the Life Time Defendants are without sufficient information and knowledge to admit or deny the allegations therein, and on that basis deny the same.

37. With respect to Paragraph 37 of the Complaint, the Life Time Defendants are without sufficient information and knowledge to admit or deny the allegations therein, and on that basis deny the same.

**RESPONSE TO "GENERAL FACTS – PLAINTIFF MARC PETERS"**

38. With respect to Paragraph 38 of the Complaint, the Life Time Defendants incorporate each of their responses above as if fully set forth herein.

39. With respect to Paragraph 39 of the Complaint, the Life Time Defendants are without sufficient information and knowledge to admit or deny the allegations therein, and on that basis deny the same.

40. With respect to Paragraph 40 of the Complaint, the Life Time Defendants are without sufficient information and knowledge to admit or deny the allegations therein, and on that basis deny the same.

41. With respect to Paragraph 41 of the Complaint, the Life Time Defendants are without sufficient information and knowledge to admit or deny the allegations therein, and on that basis deny the same.

42. With respect to Paragraph 42 of the Complaint, the Life Time Defendants are without sufficient information and knowledge to admit or deny the allegations therein, and on that basis deny the same.

43. With respect to Paragraph 43 of the Complaint, the Life Time Defendants are without sufficient information and knowledge to admit or deny the allegations therein, and on that basis deny the same.

44. With respect to Paragraph 44 of the Complaint, the Life Time Defendants are without sufficient information and knowledge to admit or deny the allegations therein, and on that basis deny the same.

45. With respect to Paragraph 45 of the Complaint, the Life Time Defendants are without sufficient information and knowledge to admit or deny the allegations therein, and on that basis deny the same.

46. With respect to Paragraph 46 of the Complaint, the Life Time Defendants are without sufficient information and knowledge to admit or deny the allegations therein, and on that basis deny the same.

47. With respect to Paragraph 47 of the Complaint, the Life Time Defendants are without sufficient information and knowledge to admit or deny the allegations therein, and on that basis deny the same.

48. With respect to Paragraph 48 of the Complaint, the Life Time Defendants are without sufficient information and knowledge to admit or deny the allegations therein, and on that basis deny the same.

49. With respect to Paragraph 49 of the Complaint, the Life Time Defendants are without sufficient information and knowledge to admit or deny the allegations therein, and on that basis deny the same.

50. With respect to Paragraph 50 of the Complaint, the Life Time Defendants are without sufficient information and knowledge to admit or deny the allegations therein, and on that basis deny the same.

51. With respect to Paragraph 51 of the Complaint, the Life Time Defendants are without sufficient information and knowledge to admit or deny the allegations therein, and on that basis deny the same.

52. With respect to Paragraph 52 of the Complaint, the Life Time Defendants are without sufficient information and knowledge to admit or deny the allegations therein, and on that basis deny the same.

53. With respect to Paragraph 53 of the Complaint, the Life Time Defendants are without sufficient information and knowledge to admit or deny the allegations therein, and on that basis deny the same.

54. With respect to Paragraph 54 of the Complaint, the Life Time Defendants are without sufficient information and knowledge to admit or deny the allegations therein, and on that basis deny the same.

55. With respect to Paragraph 55 of the Complaint, the Life Time Defendants are without sufficient information and knowledge to admit or deny the allegations therein, and on that basis deny the same.

56. With respect to Paragraph 56 of the Complaint, the Life Time Defendants are without sufficient information and knowledge to admit or deny the allegations therein, and on that basis deny the same.

57. With respect to Paragraph 57 of the Complaint, the Life Time Defendants are without sufficient information and knowledge to admit or deny the allegations therein, and on that basis deny the same.

58. With respect to Paragraph 58 of the Complaint, the Life Time Defendants are without sufficient information and knowledge to admit or deny the allegations therein, and on that basis deny the same.

59. With respect to Paragraph 59 of the Complaint, the Life Time Defendants are without sufficient information and knowledge to admit or deny the allegations therein, and on that basis deny the same.

60. With respect to Paragraph 60 of the Complaint, the Life Time Defendants are without sufficient information and knowledge to admit or deny the allegations therein, and on that basis deny the same.

61. With respect to Paragraph 61 of the Complaint, the Life Time Defendants are without sufficient information and knowledge to admit or deny the allegations therein, and on that basis deny the same.

62. With respect to Paragraph 62 of the Complaint, the Life Time Defendants are without sufficient information and knowledge to admit or deny the allegations therein, and on that basis deny the same.

63. With respect to Paragraph 63 of the Complaint, the Life Time Defendants are without sufficient information and knowledge to admit or deny the allegations therein, and on that basis deny the same.

64. The Life Time Defendants admit the allegations in Paragraph 64 of the Complaint.

65. The Life Time Defendants deny the allegations in Paragraph 65 of the Complaint.

66. With respect to Paragraph 66 of the Complaint, the Life Time Defendants are without sufficient information and knowledge to admit or deny the allegations therein, and on that basis deny the same.

67. With respect to Paragraph 67 of the Complaint, the Life Time Defendants are without sufficient information and knowledge to admit or deny the allegations therein, and on that basis deny the same.

**RESPONSE TO "GENERAL FACTS – THE JULY 28, 2023, RACE INCIDENT"**

68. With respect to Paragraph 68 of the Complaint, the Life Time Defendants incorporate each of their responses above as if fully set forth herein.

69. With respect to Paragraph 69 of the Complaint, the Life Time Defendants are without sufficient information and knowledge to admit or deny the allegations therein, and on that basis deny the same.

70. With respect to Paragraph 70 of the Complaint, the Life Time Defendants are without sufficient information and knowledge to admit or deny the allegations therein, and on that basis deny the same.

71. With respect to Paragraph 71 of the Complaint, the Life Time Defendants are without sufficient information and knowledge to admit or deny the allegations therein, and on that basis deny the same.

72. With respect to Paragraph 72 of the Complaint, the Life Time Defendants are without sufficient information and knowledge to admit or deny the allegations therein, and on that basis deny the same.

73.     With respect to Paragraph 73 of the Complaint, the Life Time Defendants are without sufficient information and knowledge to admit or deny the allegations therein, and on that basis deny the same.

74.     The Life Time Defendants deny the allegations in Paragraph 74 of the Complaint.

75.     The Life Time Defendants deny the allegations in Paragraph 75 of the Complaint.

76.     The Life Time Defendants deny the allegations in Paragraph 76 of the Complaint.

77.     With respect to Paragraph 77 of the Complaint, the Life Time Defendants admit that by participating in the Race, participants were exposing themselves to dangers, hazards, and risk of injury or death posed by potential potholes.  The Life Time Defendants deny the remaining allegations contained in Paragraph 77 of the Complaint.

78.     With respect to Paragraph 78 of the Complaint, the Life Time Defendants are without sufficient information and knowledge to admit or deny the allegations therein, and on that basis deny the same.

79.     With respect to Paragraph 79 of the Complaint, the Life Time Defendants are without sufficient information and knowledge to admit or deny the allegations therein, and on that basis deny the same.

**RESPONSE TO "FIRST CLAIM FOR RELIEF
NEGLIGENCE"**

80.     With respect to Paragraph 80 of the Complaint, the Life Time Defendants incorporate each of their responses above as if fully set forth herein.

81.     Paragraph 81 of the Complaint states a legal conclusion, to which no response is required.  To the extent a response is required, the Life Time Defendants admit the existence of

certain duties under Colorado law, but deny that Plaintiff completely and accurately alleged such duties. The Life Time Defendants deny all remaining allegations therein.

82. Paragraph 82 of the Complaint states a legal conclusion, to which no response is required. To the extent a response is required, the Life Time Defendants admit the existence of certain duties under Colorado law, but deny that Plaintiff completely and accurately alleged such duties. The Life Time Defendants deny all remaining allegations therein.

83. Paragraph 83 of the Complaint states a legal conclusion, to which no response is required. To the extent a response is required, the Life Time Defendants admit the existence of certain duties under Colorado law, but deny that Plaintiff completely and accurately alleged such duties. The Life Time Defendants deny all remaining allegations therein.

84. Paragraph 84 of the Complaint states a legal conclusion, to which no response is required. To the extent a response is required, the Life Time Defendants admit the existence of certain duties under Colorado law, but deny that Plaintiff completely and accurately alleged such duties. The Life Time Defendants deny all remaining allegations therein.

85. The Life Time Defendants deny the allegations in Paragraph 85 of the Complaint.

86. The Life Time Defendants deny the allegations in Paragraph 86 of the Complaint.

87. The Life Time Defendants deny the allegations in Paragraph 87 of the Complaint.

88. With respect to Paragraph 88 of the Complaint, the Life Time Defendants are without sufficient information and knowledge to admit or deny the allegations therein, and on that basis deny the same.

**RESPONSE TO "SECOND CLAIM FOR RELIEF IN THE ALTERNATIVE STATUTORY PREMISES LIABILITY § 13-21-115"**

13

89.     With respect to Paragraph 89 of the Complaint, the Life Time Defendants incorporate each of their responses above as if fully set forth herein.

90.     Paragraph 90 of the Complaint states a legal conclusion, to which no response is required.  To the extent a response is required, the Life Time Defendants admit that the terms and definitions of Colorado's Premises Liability Act, C.R.S. § 13-21-115, speak for themselves.  The Life Time Defendants deny all remaining allegations to the extent they are inconsistent therewith.

91.     Paragraph 91 of the Complaint states a legal conclusion, to which no response is required.  To the extent a response is required, the Life Time Defendants admit that the terms and definitions of Colorado's Premises Liability Act, C.R.S. § 13-21-115, speak for themselves.  The Life Time Defendants deny all remaining allegations to the extent they are inconsistent therewith.

92.     Paragraph 92 of the Complaint states a legal conclusion, to which no response is required.  To the extent a response is required, the Life Time Defendants admit that the terms and definitions of Colorado's Premises Liability Act, C.R.S. § 13-21-115, speak for themselves.  The Life Time Defendants deny all remaining allegations to the extent they are inconsistent therewith.

93.     Paragraph 93 of the Complaint states a legal conclusion, to which no response is required.  To the extent a response is required, the Life Time Defendants admit that the terms and definitions of Colorado's Premises Liability Act, C.R.S. § 13-21-115, speak for themselves.  The Life Time Defendants deny all remaining allegations to the extent they are inconsistent therewith.

94.     The Life Time Defendants deny the allegations in Paragraph 94 of the Complaint.

95.     The Life Time Defendants deny the allegations in Paragraph 95 of the Complaint.

96.     The Life Time Defendants deny the allegations in Paragraph 96 of the Complaint.

97.     The Life Time Defendants deny the allegations in Paragraph 97 of the Complaint.

98. The Life Time Defendants deny the allegations in Paragraph 98 of the Complaint.

99. With respect to Paragraph 99 of the Complaint, the Life Time Defendants are without sufficient information and knowledge to admit or deny the allegations therein, and on that basis deny the same.

<strong>RESPONSE TO "VICARIOUS LIABILITY"</strong>

100. With respect to Paragraph 100 of the Complaint, the Life Time Defendants incorporate each of their responses above as if fully set forth herein.

101. Paragraph 101 of the Complaint states a legal conclusion, to which no response is required. To the extent a response is required, the Life Time Defendants are without sufficient information and knowledge to admit or deny the allegations therein, and on that basis deny the same.

102. Paragraph 102 of the Complaint states a legal conclusion, to which no response is required. To the extent a response is required, the Life Time Defendants are without sufficient information and knowledge to admit or deny the allegations therein, and on that basis deny the same.

103. The Life Time Defendants deny the allegations in Paragraph 103 of the Complaint.

104. The Life Time Defendants deny the allegations in Paragraph 104 of the Complaint.

105. The Life Time Defendants deny the allegations in Paragraph 105 of the Complaint.

106. With respect to Paragraph 106 of the Complaint, the Life Time Defendants are without sufficient information and knowledge to admit or deny the allegations therein, and on that basis deny the same.

107. The Life Time Defendants deny the allegations in Paragraph 107 of the Complaint.

108.     The Life Time Defendants deny any allegations of Plaintiff's Complaint not specifically admitted herein.

## DEFENSES AND AFFIRMATIVE DEFENSES

Counsel has not had an opportunity to participate in discovery or conduct a full investigation into the facts of this case.  Thus, the defenses being set forth below are pled alternatively pursuant to C.R.C.P. 8.  The Life Time Defendants will dismiss, withdraw or modify any defense as may be required pursuant to C.R.C.P. 11, if it is revealed after discovery that the Life Time Defendants cannot prevail in such defense.

1.     The Complaint fails to state a claim upon which relief can be granted.

2.     Plaintiff may have failed to mitigate his claimed damages, if any.

3.     Plaintiff's injuries and damages, if any, may have been caused by the sole negligence of Plaintiff, or alternatively, a third party other than Defendant.

4.     Plaintiff's claims against the Life Time Defendants may be limited by Colorado's premises liability statute, C.R.S. § 13-21-115.

5.     The negligence of Plaintiff was equal to or greater than the alleged negligence of the Life Time Defendants, if any, which liability the Life Time Defendants expressly deny, and, therefore, the recovery sought by Plaintiff must be eliminated or proportionately reduced on a comparative basis in accordance with C.R.S. § 13-21-111.

6.     Plaintiff's non-economic damages, if any, are barred or limited by the provisions of C.R.S. § 13-21-102.5.

7.     Plaintiff's damages, if any, must be reduced by all recoveries from collateral sources pursuant to the provisions of C.R.S. § 13-21-111.6.

8. Plaintiff's damages are barred by assumption of the risk pursuant to C.R.S. § 13-21-111.7.

9. Damages sustained by Plaintiff, if any, may be the direct result of pre-existing condition(s).

10. The Life Time Defendants reserve the right to designate any nonparties pursuant to C.R.S. § 13-21-111.5.

11. The Life Time Defendants were not responsible for the conditions of the road.

12. The Life Time Defendants' liability, if any, may be limited to that amount represented by their pro rata share of negligence of fault, if any, producing the claimed injury, damage or loss.

13. Plaintiff's alleged injuries and damages, if any, may have been proximately caused by unforeseeable intervening acts of third parties over whom the Life Time Defendants had neither control nor right of control.

14. Plaintiff may have failed to join necessary and indispensable parties.

15. Plaintiff's claims are barred or limited by the applicable release/waiver executed by Plaintiff.

15. Defendants reserve the right to move to amend its answer to include additional defenses or to voluntarily withdraw defenses as discovery proceeds.

## COUNTERCLAIM

1. Defendant Life Time, Inc. is a is a Minnesota corporation with its principal place of business in Minnesota.

2.     Defendant LTF Triathlon Series, LLC ("LTF Triathlon") is a foreign limited liability company organized and existing pursuant to the laws of the State of Delaware, with a principal place of business located at 2902 Corporate Place, Chanhassen, MN 55317.

3.     Defendants are collectively referred to as "Life Time."

4.     Upon information and belief Plaintiff Marc Peters ("Peters") is a citizen of the State of California.

5.     On or about January 10, 2023, Peters entered into a Life Time Leadville Trail 100 MTB Stage Race Warning, Acknowledgement of Risk, Release of Liability, and Indemnification Agreement (the "Agreement") with Life Time, related to Peters' participation in the Leadville Trail 100 MTB Stage Race ("the Event").  A copy of the Agreement is attached as **Exhibit A**.

6.     The Agreement provides:

IN CONSIDERATION for Life Time Triathlon, LLC. and its subsidiaries, affiliates, employees, representatives, and agents ("Life Time") allowing my participation in the Life Time Leadville Trail Stage Race (the "Event"); I, the undersigned, and on behalf of my spouse, heirs, next of kin, any legal and personal representatives, successors and assigns, hereby agree to and make the following contractual representations pursuant to this Waiver and Release of Liability, Assumption of Risk and Indemnity Agreement (the "Agreement").
…

2. ASSUMPTION OF RISK: I acknowledge that there are dangers, hazards and risks of injury or damage, some of which are inherent in my presence at or participation in the Event.

a. Risks. Participation in the Event maybe an extreme test of my physical and mental abilities. I understand the dangers, hazards, and risk of injury or damages ("Risks") may include accidents, tripping, falling down, slips, loss of footing or balance, including 'slip and falls', contraction of an infectious disease or illness, drowning, contact or collision with other participants, spectators, pedestrians, vehicles or other natural or manmade objects; danger from adverse weather, imperfect course conditions, participants of varying skill levels, exposure to extreme conditions and circumstances, water, road or surface hazards, variations in terrain, encounters with wild and domestic animals, becoming lost or separated from race, and inadequate

18

safety measures; unmaintained and/or unmarked trails, roads, bridges, or other running surfaces; loss, theft, damage, or misuse to property or information, including vehicles, equipment, files or systems; equipment failure, malfunction or misuse; acts of terrorism or criminal activity.

b. Injuries. I understand that such injuries and damages may include but are not limited to major or minor personal, physical, bodily, emotional, mental, economic, property, or other types of injuries or damages ("Injuries") to me, Minor Participants, or other participants, including: death; the potential for serious bodily injury, permanent disability, paralysis, brain damage, heart attacks, strokes, disfigurement, heat stress and/or heat stroke, frost bite and/or hypothermia, dehydration, concussions, hearing loss, torn or damaged muscles or ligaments, broken bones, allergic reactions, burns, sprains, bruises and scrapes, and contraction of infectious diseases or illnesses; aggravation of pre-existing injuries or medical conditions; pain and suffering; loss of consortium, love, affection, comfort, companionship, or care; complications arising from personal mental, physical, or emotional state, including emotional distress, embarrassment, humiliation, or shock; lost wages or lost earning capacity; and other disability, impairment, incapacity, accidents or incidents that may result in injury or damage.

…

I understand these Risks and Injuries (collectively, "Risks of Injury") may be caused, in whole or in part, by my own actions or inactions, the actions or inactions of other participants, or by the NEGLIGENCE OF LIFE TIME, to me, Minor Participants, other participants, and/or other persons. I FULLY UNDERSTAND, AND VOLUNTARILY AND WILLINGLY ASSUME, THE RISKS OF INJURY.

…

4. RELEASE OF LIABILITY: I voluntarily and forever release and discharge, covenant, and agree not to sue Life Time, Inc., LTF Triathlon Series, LLC, all Event sponsors, and all Host Cities, Local Organizing Committees, Venues and Property Owners upon which the Event takes place, Law Enforcement Agencies and other Public Entities providing support for the Event, and each of their respective insurance companies, parent, subsidiary and affiliated companies, successors in interest, commercial and corporate sponsors, officers, directors, partners, shareholders, members, agents, employees, contractors, subcontractors, volunteers and [Leadville/Colorado/ Lake County/ 100 Mile Medics/ US Forest Service] (Individually and Collectively, the "Released Parties" or the "Event Organizers"), with respect to any liability, claims, demands, causes of action, damages, loss or expense (including court costs and reasonable attorneys' fees) of any kind or nature, whether known or unknown ("Claim(s)") from my presence at, or participation in, the Event, which may arise out of, result from, or relate to any alleged or actual

NEGLIGENCE OF LIFE TIME or breach of any express or implied warranty of the Released Parties.

a. Negligence Claims. I understand that Negligence Claims include Life Time's: negligent design, construction, repair, maintenance, operation, supervision, monitoring, or provision of the Event course; negligent failure to warn of or remove a hazardous, unsafe, dangerous, or defective condition; negligent failure to enact guidelines, standards, and protocols that reduce and/or prevent the spread of infectious disease or illness; negligent failure to provide or keep the Event course in a reasonably safe condition; negligent provision of or failure to provide emergency care; negligent hiring, selection, training, instruction, certification, supervision, or retention of employee, independent contractors or volunteers, negligent collection, use, disclosure, or storage of personal, sensitive or other information; or other negligent acts or omissions. I specifically agree that if I (on my own behalf or on behalf of another) assert a Negligence Claim against Life Time and/or breach my agreement not to sue Life Time, I will pay all reasonable fees (including attorneys' fees), costs and expenses incurred by Life Time to defend the Negligence Claims and all other Claims based on the same facts.

5. INDEMNIFICATION: I further agree that if, despite this Agreement, I, or anyone on my behalf, makes a Claim against any of the Released Parties, I agree to indemnify, defend and hold Life Time harmless to the fullest extent permitted by law from and against any Claim (including any Negligence Claim) asserted against Life Time by any other person (including but not limited to by any other participant, any family member who is not an Event participant, or any other person or entity) arising out of, resulting from, or caused by my participation in the Events, or the participation of children or other participants. My agreement to defend Life Time means that I will pay all of Life Time's fees and costs incurred to defend a Claim from the date the Claim is asserted. My agreement to indemnify and hold Life Time harmless means that I will pay any settlement, judgment, or other damages, fees or costs of any type incurred by Life Time to resolve the Claim.

…

I agree I have read this Agreement carefully, understand its terms and conditions, understand that I will be giving up substantial legal rights by signing it acknowledge that I have signed this Agreement freely and voluntarily, without any inducement, assurance or guarantee, and intend for my signature to serve as confirmation of my complete and unconditional acceptance of the terms, conditions and provisions of this Agreement If I sign this form both online and on-site, I agree that the on-site version of this form, as that version may be amended from the on-line version, will be binding.

7. On July 17, 2025, Peters filed his Complaint and Jury Demand, in which he asserts claims under C.R.S. § 13-21-115 and negligence stemming from a fall in which Plaintiff was involved during his participation in the Event.

**<u>FIRST COUNTERCLAIM FOR RELIEF</u>**
**(Breach of Contract/Contractual Indemnity)**

8. Life Time incorporates paragraphs 1 through 7 as if fully set forth herein.

9. In accordance with the Agreement, Peters agreed not to sue Life Time for any with respect to any liability, claims, demands, causes of action, damages, loss or expense (including court costs and reasonable attorneys' fees) of any kind or nature, whether known or unknown from his presence at, or participation in, the Event.

10. In accordance with the Agreement, Peters also agreed to indemnify, defend and hold Life Time harmless to the fullest extent permitted by law from and against any Claim (including any Negligence Claim) asserted against Life Time.

11. Peters' claims against Life Time stem from his participation in the Event.

12. Peters' claims against Life Time specifically qualify as "Negligence Claims and all other Claims based on the same facts" as defined in the Agreement.

13. Peters' filing suit against Life Time based on his fall during his participation at the Event constitutes a breach of the Agreement.

14. As a result of Peters' breach of the Agreement, Life Time has incurred and continues to incur damages in the form of "all reasonable fees (including attorneys' fees), costs and expenses incurred by Life Time to defend the Negligence Claims and all other Claims based on the same facts."

**DEMAND FOR JUDGMENT**

WHEREFORE, LTF Triathlon Series, LLC and Life Time, Inc. (collectively "Life Time") respectfully request that the Court enter judgment in their favor and against Plaintiff Marc Peters as follows:

A.      Awarding Life Time such actual, compensatory, consequential, and incidental damages it has suffered as a result of the above described breach of contract set forth above, together with pre-judgment, post-judgment interest;

B.      Awarding Life Time its attorney fees and costs it has incurred and will incur in this action, as provided by the Agreement; and

C.      Awarding such other and further relief as is necessary and appropriate to remedy the harms inflicted by Plaintiff Marc Peters and losses incurred by Life Time so as to fully and properly vindicate its cognizable rights and interests.

**<u>JURY DEMAND</u>**

Defendants demand a trial to a jury on all issues so triable.

WHEREFORE, having fully answered Plaintiff's Complaint and asserting their counterclaims, Defendants respectfully request the Court dismiss the Complaint, for their costs and attorney's fees incurred herein, and for such other and further relief as the Court deems appropriate.

Respectfully submitted this 22nd day of August 2025.

*s/Conor P. Boyle*
Conor P. Boyle, # 40147
David A. Belsheim, # 43767
of HALL & EVANS, LLC,
*Attorneys for Defendants LTF Triathlon Series, LLC and Life Time, Inc.*

22

<strong><u>CERTIFICATE OF SERVICE</u></strong>

I hereby certify that on August 22, 2025, a true and correct copy of the foregoing **DEFENDANTS' ANSWER, DEFENSES, COUNTERCLAIM AND JURY DEMAND** was filed with the Court and served via *Colorado Courts E-Filing* to the following:

Robert E. Caldwell, Jr., Esq., #47385
WILHITE, ROSE & ROBERTS P.C.
1600 Ogden Street
Denver, CO 80218
Phone Number: (303) 839-1650
FAX Number: (303) 832-7102
E-mail: rcaldwell@wilhitelawfirm.com
*Attorney for Plaintiff*

*s/Elizabeth Miller*
Legal Assistant